OPINION
{¶ 1} Plaintiff-appellant G.A. White Enterprises Custom Homes, Inc., appeals from an order denying a motion to stay this litigation and compel arbitration. Custom Homes *Page 2 
contends that the trial court erred in denying its motion to compel arbitration, finding that Custom Homes had waived its right to arbitration, because there was no proof of prejudice to defendants-appellees Derek and Julie Black.
 {¶ 2} We conclude: (1) that because Custom Homes's right to arbitration is governed by Ohio law, rather than by federal law, there is no requirement of a demonstration of prejudice, independent of proof that the right to arbitration was waived, either expressly, or implicitly by conduct inconsistent with arbitration; and (2) even if there were a requirement of a demonstration of prejudice, that requirement is satisfied, on this record, by the Blacks having, during the nine-month interval between Custom Homes's filing of its complaint and its filing of its motion to compel arbitration: (A) filed an answer and counterclaim; (B) responded to multiple sets of interrogatories, document requests, and requests for admission; (C) participated in multiple mediation scheduling conferences; (D) filed two motions to compel discovery; (E) appeared at a mediation session; (F) received and reviewed documents from Custom Homes; (G) taken the deposition of Custom Homes's corporate principal; and (H) filed a motion for partial summary judgment. Accordingly, the order of the trial court denying Custom Homes's motion to compel arbitration is Affirmed.
 I {¶ 3} The essential facts in this appeal are set forth in the order from which this appeal is taken, as follows:
 {¶ 4} "In this case the parties entered into a construction contract for the building of a home. As part of the contract the parties agreed that all disputes arising out of the *Page 3 
contract shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. Subsequent to the agreement a dispute developed and [Custom Homes] filed the instant complaint with the Count [sic] on July 14, 2005. No stay of proceedings was requested by [Custom Homes] at the time. [The Blacks] in response filed an answer and counterclaim. On October 17, 2005, [Custom Homes] filed a Motion for Mediation. Contained in the Motion was [Custom Homes's] first reference to arbitration, but [Custom Homes] requested court mediation. Specifically, [Custom Homes] state in their opinion that this case can be settled through the Court'smediation department. Thereafter, the matter was referred for mediation with the parties participation in telephone/scheduling conferences through March 29, 2006. At the same time the parties proceeded with the discovery process, serving interrogatories, requests for production of documents, and the deposition of Gordon White. The Court notes [the Blacks] have filed Motions to Compel Discovery and Motion for Sanctions. On March 27, a substitution of counsel was filed for [Custom Homes] and a motion was filed by counsel to continue mediation so that newcounsel could get up to speed on the case. [Custom Homes's] new counsel then filed on April 24, 2006, a Motion to Stay Proceedings Pending Arbitration.
 {¶ 5} "It is well settled that arbitration agreements are generally favored in the law. A presumption favoring arbitration arises when the claim in dispute falls within the scope of the arbitration provision. However, a party can waive their right to arbitration under certain circumstances. In this case, original counsel for [Custom Homes] filed suit in the common pleas court without requesting a stay of proceedings for binding arbitration. Further, [Custom Homes] never raised arbitration as an affirmative defense in its [original] answer *Page 4 
to [the Blacks'] counterclaim. Moreover, [Custom Homes] requested court sponsored mediation as opposed to binding arbitration. [Custom Homes] have had three attorneys in this matter. Two of which havelitigated the case. Further, nine months of discovery and mediation telephone/scheduling conferences have passed until [Custom Homes], withnew counsel, filed for a stay. To require [the Blacks] to start all over in this matter would subject them to undue hardship and expense.
 {¶ 6} "Accordingly, the Court finds [Custom Homes] have acted inconsistently with their right to arbitration and therefore waived that right. Therefore, this Court DENIES [Custom Homes's] Motion to Dismiss and Stay Proceedings. This matter shall be set by the Court for scheduling conference forthwith." (Emphasis in original, footnotes omitted.)
 {¶ 7} Custom Homes appeals from the order of the trial court quoted above.
 II {¶ 8} Custom Homes's sole assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT PLAINTIFF-APPELLANT WAIVED ITS RIGHT TO ARBITRATE BECAUSE THE DEFENDANTS-APPELLEES, AS THE PARTIES ALLEGING WAIVER, OFFERED NO PROOF OF PREJUDICE AND THE TRIAL COURT MADE NO FINDING OF PREJUDICE."
 {¶ 10} To this assignment of error, the Blacks respond that: (1) no proof of prejudice is required; and (2) they have demonstrated sufficient prejudice. We agree with both of these propositions.
 A — Proof of Prejudice Is Not Required Independently of Waiver. {¶ 11} Custom Homes does not appear to dispute that it took actions inconsistent *Page 5 
with the exercise of its contractual right to arbitration, thereby waiving that right. These actions include the filing of the complaint; the failure, for nine months, to request a stay or move to compel arbitration; and even, at one point, the filing of a motion in the trial court indicating that Custom Homes desired to pursue the mediation process offered by the trial court, in preference to arbitration.
 {¶ 12} Custom Homes bases its contention that its right to arbitrate the controversy survives these inconsistent actions upon the proposition that the Blacks have not shown that they have been prejudiced, and that waiver, without attendant prejudice, is no bar to the exercise of a right to arbitrate. Besides a number of federal judicial opinions, Custom Homes relies upon two decisions of this court in support of that proposition.
 {¶ 13} In our view, both of the decisions of this court cited by Custom Homes are distinguishable, because both involve the application of federal arbitration law. The later of these decisions isHousehold Realty Corp. v. Rutherford, 2004-Ohio-2422, Montgomery App. No. 20183. As noted at ¶ 5 of that opinion, the arbitration provision at issue in that case was governed by the Federal Arbitration Act, 9 U.S.C. 1-16, not Ohio law. At ¶ 25 of that opinion, where the holding upon which Custom Homes relies is expressed, it is clear that the federal authorities cited in Supervalu Holdings, Inc. v. Schear's Food Centers,Inc. (June 26, 1988), Montgomery App. No. 16881, the other of our decisions cited by Custom Homes, are the ultimate sources of authority for the proposition — in other words, that federal law is being applied.
 {¶ 14} In Supervalu Holdings, Inc. v. Schear's Food Centers,Inc., supra, it is also clear that federal law is being applied:
 {¶ 15} "Each of the arbitration clauses upon which Supervalu relies provides that `all *Page 6 
arbitration shall be undertaken pursuant to the Federal Arbitration Act. . . .' The provisions of that act constitute `a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary.' [Citations omitted.]"
 {¶ 16} As the Blacks note, Ohio law places written agreements to arbitrate on the same footing with other contracts where the issue of waiver is concerned:
 {¶ 17} "A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist atlaw or in equity for the revocation of any contract." R.C. 2711.01(A), emphasis added.
 {¶ 18} Waiver is, of course, a recognized ground for revocation of a contractual undertaking. Prejudice to the other party is a factor that may be considered in determining whether actions taken by the allegedly waiving party are so inconsistent with the exercise of the right of arbitration as to constitute an implicit waiver of that right; but prejudice is not something that must be proven, independently of waiver.Medical Imaging Network, Inc. v. Medical Resources (June 2, 2005), Mahoning App. No. 04 MA 220, ¶ 26; Phillips v. Lee Homes, Inc. (February 17, 1994), Cuyahoga App. No. 64353, pp. 17-18.
 {¶ 19} In the case before us, as Custom Homes seems to recognize, actions taken by it that are inconsistent with the exercise of its contractual right of arbitration abound. In *Page 7 
fact, its stated desire for mediation through the offices of the trial court, in preference to arbitration, comes perilously close, at least, to an express waiver of the right of arbitration.
 B — Even If Required, Prejudice Is Sufficiently Demonstrated on this Record. {¶ 20} Finally, we agree with the Blacks that even if they are required to demonstrate prejudice, independently of waiver, in order to avoid Custom Homes's assertion of its right to arbitrate this controversy, prejudice is sufficiently demonstrated on this record. The course of proceedings is chronicled in the trial court's judgment entry, which is quoted in Part I, above. We agree with the trial court that this record provides an ample basis for a finding of prejudice to the Blacks sufficient for the invocation of waiver, even if prejudice were required.
 C — Custom Homes's Waiver Was Not Revoked By its Attempt to Voluntarily Dismiss the Action Without Prejudice. {¶ 21} Custom Homes argues that it revoked its waiver when it moved to dismiss its complaint. At the same time that it moved to stay proceedings pending arbitration, on April 24, 2006, and in the same document, Custom Homes provided "Notice of Withdrawal of Liens," and moved "for Leave to Voluntarily Dismiss Plaintiff's Claims," without prejudice, pursuant to Civ. R. 41(A)(2). As the Blacks note, that Rule provides that if a counterclaim has been perfected, which was the case here, "a claim shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."
 {¶ 22} The Blacks filed a memorandum on May 4, 2006, expressly objecting to the dismissal of Custom Homes's claims. The trial court properly denied Custom Homes's motion to voluntarily dismiss its claims without prejudice. It is apparent that the claims and *Page 8 
counterclaims of the parties are so intertwined that they cannot be independently adjudicated by the trial court.
 {¶ 23} Therefore, even if the voluntary dismissal of Custom Homes's claims could be deemed to be a revocation of its waiver of its right to arbitration, a proposition the validity of which we need not, and do not, decide, there has been no voluntary dismissal, and therefore no revocation.
 {¶ 24} Custom Homes's sole assignment of error is overruled.
 III {¶ 25} Custom Homes's sole assignment of error having been overruled, the order of the trial court denying Custom Homes's motion to stay and to compel arbitration is Affirmed.
 WOLFF, P.J., and DONOVAN, J., concur. *Page 1